# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INEVAT, LLC, MICHAEL GRANT JONES, STUCK & RENCHER, LLC,<br><br>Defendants.<br><br>INEVATE, LLC & MICHAEL GRANT JONES,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>Counterclaim Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:17-cv-00901<br><br>Magistrate Judge Dustin Pead |

## INTRODUCTION

The parties consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] Oral argument was held on March 27, 2018, after which the court took the pending motions under advisement.[2] Now having considered the parties' arguments and briefing, along with the relevant legal authorities, the court rules as set forth herein.

---

[1] Dkt. No. 19; *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73.

[2] Dkt. No. 64, Dkt. No. 65.

1

## BACKGROUND

Information Technology (IT) provider Inevat, LLC (Inevat) and its owner Michael Grant Jones (Jones) (collectively Defendants), obtained a business owner's insurance policy through State Farm Fire & Casualty (State Farm or Plaintiff) on September 23, 2013.[3]

On November 23, 2016, the law firm of Stucki & Rencher (Stucki) filed an action against Defendants in Utah's Third Judicial District Court of Salt Lake County ("the state action").[4] In the state action, Stucki seeks damages stemming from a server crash that resulted in the loss of its electronic data.[5] Stucki alleges that Defendants, as the law firm's IT provider, "failed to create or construct any sort of off-site backup to protect the Firm's electronic data, documents and records."[6]

Defendants tendered defense of their claims to State Farm.[7] While providing a defense under full reservation of rights, State Farm concurrently filed this federal declaratory action to determine the scope of Defendants' coverage under the policy.[8] Defendants and Stucki counterclaimed.[9] State Farm motioned to strike, for dismissal of counterclaims and to stay

---

[3] Dkt. No. 1, ¶1.

[4] Dkt. No. 2-2, *Stucki & Rencher, LLC v. Inevat, LLC,* Case No. 160907296, Third Judicial Court, Salt Lake County.

[5] Dkt. No. 2-2, ¶18.

[6] Dkt. No. 2-2, ¶¶10-11.

[7] *Id.,* ¶12.

[8] *Id.,* ¶¶13-18.

[9] Dkt. No. 9, Dkt. No. 12.

discovery.[10] Defendants and Stucki moved to dismiss State Farm's indemnification claim and for appointment of independent counsel.[11]

## **PENDING MOTIONS**

The following motions are currently pending: (1) State Farm's motion to dismiss Stucki's counterclaims,[12] (2) State Farm's motion to dismiss the first cause of action of Defendants' counterclaim,[13] (3) State Farm's motion to strike,[14] (4) Defendants' amended motion to dismiss,[15] (5) Stucki's amended motion to dismiss,[16] (6) Defendants' cross motion to appoint counsel,[17] and (8) State Farm's motion to stay discovery.[18]

The court's review of these matters is framed by an insurer's duty to its insured. Specifically,

> [u]nder the typical liability insurance policy, the insurer has two duties. The sole source of these duties is the insurance contract. First, an insurer has a duty to indemnify the insured, up to the limits of the policy, for the payment of a judgment based on a liability claim which is covered. Second, the insurer has a duty to defend the insured against a liability claim which is covered or which is potentially covered. These are two distinct duties, with an insurer's duty to defend [being] broader than its duty to indemnify. This is because the duty to indemnify is

---

[10] Dkt No. 21, Dkt. No. 17, Dkt. No. 10, Dkt. No. 44.

[11] Dkt. No. 29, Dkt. No. 38.

[12] Dkt. No. 17.

[13] Dkt. No. 20.

[14] Dkt. No. 21.

[15] Dkt. No. 29

[16] Dkt. No. 33.

[17] Dkt. No. 38.

[18] Dkt. No. 44.

3

determined by the underlying facts of the case, while the duty
to defend [is] controlled by the allegations in the complaint
against the insured. The duty to defend is a continuing duty
that is triggered when the insured tenders the defense of an
action against it which is potentially within the policy coverage.
If the underlying complaint alleges *any* facts or claims that
might fall within the ambit of the policy, the insurer must offer
a defense.[19]

## DISCUSSION

**Defendants' Motion to Dismiss and Stucki's Amended Motion to Dismiss.[20]**

Initially, the court examines whether State Farm's declaratory judgment action is ripe. A case is ripe when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[21] A court has no obligation to entertain every justiciable controversy and the question of whether to address State Farm's declaratory action is within the sound discretion of the court.[22]

Defendants and Stucki move for dismissal.[23] They argue Plaintiff's declaratory action is not ripe until the facts are determined in the state action.[24] Conversely, State Farm argues it is

---

[19] *Summerhaze Co. v. Fed. Deposit Ins. Corp.*, 2014 UT 28 ¶36, 332 P.3d 908, 920 (Utah 2014) (internal citations and quotations omitted) (emphasis in original).

[20] Dkt. No. 29, Dkt. No. 33.

[21] *Columbian Fin. Corp. v. BanInsure, Inc.,* 650 F.3d 1372, 1376 (10th Cir. 2011) (*quoting MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604) (2007)).

[22] *See Aspen Specialty Ins. Co. v. Utah Local Gov'ts. Trust*, 954 F. Supp. 2d 1311, 1316-1317 (D. Utah 2013) ("The Supreme Court has long made clear that the Declaratory Judgment Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.") (internal citation omitted); *Surefoot LC v. Sure Foot Corp.,* 531 F.3d 1236, 1240 (10th Cir. 2008) ("[T]he district court is not obliged to entertain every justiciable declaratory claim brought before it . . . .").

[23] As a separate ground for dismissal, Stucki argues State Farm's complaint fails to contain sufficient factual matter to state a claim upon which relief may be granted. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While Plaintiff's complaint is

4

appropriate to seek guidance through a declaratory action while the underlying state case is ongoing.[25]

An insurer's duty to defend and its duty to indemnify are separate and distinct in both time and scope.[26] The duty to defend arises when the claim is first asserted and is determined under "the language of the insurance policy and by the allegations in the complaint filed against the insured."[27] The duty to defend applies where the complaint contains any allegations or claims

---

limited, it attaches the insurance policy, summarizes the coverage arguments and complies with notice pleading standards. *See* Fed. R. Civ. P. 8(a)(2). Further, Defendants obtained additional information related through the discovery process.

[24] *See Hamlet Homes Corp. v. Mid Continent Casualty Co.,* 2017 U.S. Dist. LEXIS 148348 * 3 (D. Utah 2017) (*citing Boyle v. National Union Fire Ins. Co.,* 866 P.2d 595, 596) (Utah Ct. App. 1993)); *see also State Farm Mut. Auto. Ins. Co. v. Watkins,* 2015 U.S. Dist. LEXIS 63663 *12 (W. D. Texas 2015) ("Further factual development is needed in the [u]nderlying [s]uit to determine liability, and the Court exercises its discretion in declining jurisdiction.").

[25] *See Summerhaze,* 2014 UT 28 ¶38, 332 P.3d at 920, ftn. 89 (*citing Gen. Agents. Inc. Co. of Am., Inc. v. Midwest Sporting Goods Co.,* 215 Ill. 2d 146, 828 N.E. 2d 1092, 1102, 293 Ill. Dec. 594) (Ill. 2005) (when an "insurance carrier is uncertain over insurance coverage for the underlying claim, the proper course is for the insurance carrier to tender a defense and seek a declaratory judgment as to coverage under the policy.") (internal quotations omitted); *Valley Forge Ins. Co. v. Health Care Management Partners Ltd.,* 616 F.3d 1086, 1093-94 (10th Cir. 2010) ("In this light, then, we can discern no possible error on the part of the district court in permitting the declaratory judgment actions to proceed before resolution of the underlying suit . . . ."); *State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 982-83 (10th Cir. 1994) ("Though the state tort suit . . . was still in progress at the time, the federal district judge agreed to hear State Farm's declaratory action [on duties to defend and indemnify] . . . ."); *Fire Ins. Exch. v. Oltmanns,* 370 P.3d 566, 569 (Utah Ct. App. 2016) ("[S]ubmitting [a coverage dispute] issue to a court for interpretation in a declaratory judgment action is a prudent, reasonable step toward the resolution of a legitimate dispute over a coverage term or exclusion.").

[26] *Aspen Specialty,* 954 F. Supp. 2d at 1315.

[27] *State Farm Fire & Cas. Co. v Ezzell*, 2012 U.S. Dist. LEXIS 132132 *4-5 (N. D. Ala. 2012) (citations omitted).

"that *might* fall within the ambit of the policy."[28] Because the duty to defend is broader, the duty may apply even in matters where the insurer is "ultimately not liable to indemnify the insured."[29]

Unlike the duty to defend, the duty to indemnify takes shape after liability is established.[30] Indemnification relates to an insurer's obligation to pay for liability that is imposed under the terms of the policy.[31]

Because the duty to defend emerges when a claim is raised, it is properly addressed prior to indemnification. Often, courts employ a two-tier analysis; first adjudicating the duty to defend, then deferring issues of indemnification until after liability is established.[32] State Farm argues against application of two-tiers, claiming policy exclusions may obviate coverage and therefore both duties are ripe for determination. The court disagrees. In the underlying state action, fact discovery is ongoing, the type and amount of damages remain unknown, and liability has not been imposed. Under these circumstances, it would be premature to address indemnification since the court cannot ignore "the possibility that the claim[s] may ultimately be established to be within policy coverage."[33] Moreover, State Farm fails to identify any harm or prejudice it would suffer by allowing the court to first consider the duty to defend while suspending discussion of indemnification.

---

[28] *Chapman Constr. LC v. Cincinnati Ins. Co.,* 2015 U.S Dist. LEXIS 180878 *5 (D. Utah 2015) (*citing Summerhaze,* 332 P.3d at 920) (emphasis added).

[29] *Fire Ins. Exch. v. Estate of Therkelsen,* 2001 UT 48, ¶22, 27 P.3d 555, 560 (Utah 2001).

[30] *Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) (citation omitted).

[31] *Aspen Specialty,* 954 F. Supp. 2d at 1316.

[32] *Id.*

[33] *Harbin v. Assurance Co. of America*, 308 F.2d 748, 750 (10th Cir. 1962).

At present, indemnification is not of "sufficient immediacy and reality" for purposes of adjudication.[34] As a result, Defendants and Stucki's motions to dismiss State Farm's declaratory indemnity claim are granted without prejudice.[35]

**State Farm's Motion To Dismiss Stucki & Rencher's Counterclaims,[36] State Farm's Motion To Dismiss the First Cause of Action in Defendants' Counterclaim,[37] Defendants' Cross Motion For Appointment of Independent Counsel[38] and State Farm's Motion To Strike Defendants Fourth and Sixth Affirmative Defenses.[39]**

On September 15, 2017, Stucki filed an answer and counterclaim seeking to affirm State Farm's duties under the policy and for the appointment of independent counsel to represent Defendants.[40] Shortly thereafter, Defendants filed their answer, asserting defenses and counterclaims for declaratory relief, bad faith and appointment of independent counsel. In support of their claim for bad faith, Defendants assert:

---

[34] *See Columbian Fin. Corp.,* 650 F.3d at 1376; *Aspen Specialty,* 954 F. Supp. 2d at 1315 (D. Utah 2013) (*citing United Nat'l. Ins. Co. v. Dunbar & Sullivan Dredging Co.,* 953 F.2d 334, 338) (7th Cir. 1992) ("A declaratory judgment action to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not ripe for adjudication."); *Mount Vernon Fire Ins. Co. v. Okmulgee Inn Venture, LLC,* 451 Fed. Appx. 745, 749 (10th Cir 2011) ("Because the victims have not yet established [defendant's] liability for any claims, the question of [the insurance company's] duty of indemnification is not ripe for adjudication."); *see also Higgins v. State Farm Fire & Cas. Co.,* 894 So.2d 5, 17-18 (Fla. S.C. 2004) ("[W]e continue to hold that the timing determination [as to an insurer-filed declaratory judgment action on its duty to indemnify] is within the discretion of the trial court weighing the factors we have outlined as well as the factors of the particular case . . . .").

[35] Dkt. No. 29, Dkt. No. 33. Defendants and Stucki appear to limit their motions for dismissal to Plaintiff's duty to indemnify. However, to the extent that Defendants move to dismiss Plaintiff's duty to defend, that motion is denied.

[36] Dkt. No. 17.

[37] Dkt. No. 20.

[38] Dkt. No. 38.

[39] Dkt. No. 21.

[40] Dkt. No. 9.

> [State Farm] breached the obligations it owes to Inevat, including by failing to reasonably engage in settlement discussions, by stalling and hampering Inevat's defense, by failing to pay for Inevat's independent counsel, and by asserting baseless arguments in an effort to avoid coverage and/or exert undue pressure on Inevat.[41]

Collectively, the pending motions seek resolution of the following discrete issues: Is Stucki an appropriate party to enforce duties under Defendants' policy? Is Defendants' claim for bad faith ripe? Should State Farm provide independent counsel to represent Defendants in the state action? Is State Farm required to pay for Defendants' legal counsel in the declaratory action? These issues are addressed in further detail below.

## **Is Stucki The Appropriate Party To Enforce Duties Under The Policy?**

Plaintiff asserts Stucki is without "standing" to bring counterclaims against State Farm. Yet, given Stucki's status as a named party, Plaintiff's characterization of the issue in terms of "standing" proves somewhat misleading. In the civil context, standing addresses whether the court has power under Article III to hear a matter.[42] Here, State Farm does not argue that the court lacks power over the matter or the motions. Rather, the thrust of Plaintiff's argument appears to be that Stucki it is not the appropriate party to raise counterclaims on the behalf of Defendants. To this, the court agrees.

Stucki is neither a party nor an intended third party beneficiary of the State Farm insurance policy.[43] As a result, any future relief Stucki may have is contingent upon a

---

[41] Dkt. No. at ¶10.

[42] *See, e.g., Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 559-60 (1992). Likewise, prudential standing examines whether the court should decline to exercise its power. *See Lexmark Int'l, Inc., v, Static Control Components, Inc.,* ___U.S.___134, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014).

[43] *See Ironshore Specialty Ins. Co. v. Callister, Nebeker & McCullough, PC,* 2016 U.S. Dist. 19220 *22 (D. Utah 2016) (dismissing third party's declaratory judgment claim seeking declaration of the

determination of liability and the entry of judgment. Thus, while possible that Stucki may incidentally benefit from the agreement, the clear intent of the policy "is to protect the financial well-being of the insured [Defendants], not to benefit the injured party."[44] Stucki counterclaims for a declaration of duties owed to *Defendants* and for the appointment of independent counsel for *Defendants*. These claims, however, belong to policyholder Defendants---not Stucki.[45] Indeed, these same claims are advanced through Defendants own counterclaims and defenses, and therefore Stucki's claims are redundant. Although Stucki argues redundancy will not be an issue if Defendants declare bankruptcy and default is entered, such claim is entirely speculative. At this point, Defendants are present and represented and Stucki's counterclaims are duplicative.

Stucki is not the proper party to bring a counterclaim seeking a declaration of the rights and duties owed to Defendants under the insurance policy, and State Farm's motion to dismiss Stucki's counterclaims is granted.[46]

### Is Defendants' Bad Faith Claim Ripe?

Defendants' counterclaim for bad faith claiming State Farm failed: to reasonably engage in settlement discussions, retain independent counsel to represent Defendants in the state action, and to obtain counsel to represent Defendants in the declaratory action. State Farm seeks to

---

rights and duties of other parties since the third party was not party or intended third party beneficiary of the underlying insurance contract.).

[44] *Id.*, see also *Sperry v. Sperry,* 1999 UT 101, 990 P.2d 381(Utah 1999); *Savage v. Educators Ins. Co.,* 908 P.2d 862, 865 (Utah 1995); *Pixton v. State Farm Mut. Auto. Ins. Co.,* 809 P.2d 746, 749 (Utah Ct. App. 1991)*; Broadwater v. Old Republic Sur.*, 854 P.2d 527, 536 (Utah 1993) ("A third party who benefits only incidentally from the performance of a contract has no right to recover under that contract.") (internal citation and quotation marks omitted).

[45] *See Otay Land Co. v. Royal Indem. Co.,* 86 Cal Rptr. 3d 408, 414 (Cal. App. Div. 2008) ("It is . . . well established that even though a liability insurer has the option to join an injured third party as a codefendant in the insurer's declaratory relief action to determine coverage, that does not mean that a third party claimant has equivalent rights.").

[46] Dkt. No. 17.

dismiss Defendants' counterclaim arguing any claim for bad faith is not ripe. As discussed below, the court agrees.

**Failure to Reasonably Engage in Settlement Discussions.**

In general, "an insurer owes its insured a duty to accept an offer of settlement within the policy limits when there is a substantial likelihood of a judgment being rendered against the insured in excess of those limits."[47] Defendants allege bad faith based on State Farm's failure to reasonably engage in settlement negotiations. State Farm responds, arguing the claim is not ripe since bad faith is not determined until after final disposition of the underlying third party claim against the policyholder.[48]

A case is driven by its facts. Thus, the wisdom of a rule that only envisions the formation of bad faith after final disposition of the underlying third party claim is debatable. It seems likely that a factual scenario could exist under which final judgment would not be the only acceptable form of evidence. At present, however, this case does not present that scenario. Indeed, without something more concrete---a final disposition, the rejection of offers where the insured is "facing the significant likelihood of an excess judgment,"[49] or an "unreasonable" decision to proceed to trial---the court is presented with a theoretical conflict as to what may or might happen that, at this juncture, proves too nebulous to support the claim.

---

[47] *Campbell v. State Farm Mut. Auto Ins. Co.,* 840 P.2d 130, 140 (Utah Ct. App. 1992) (*citing Larraburu Bros. v. Royal Indem. Co.,* 604 F.2d 1208, 1211-1212) (9th Cir. 1979)).

[48] *Campbell v. State Farm Mut. Auto Ins. Co.,* 840 P.2d 130, 140 (Utah Ct. App. 1992).

[49] *Rupp v. Transcon. Ins. Co.* 627 F. Supp. 2d 1304, 1324 (D. Utah 2008) (predicting that a claim for bad faith could accrue prior to final disposition of the underlying third-party claim against the policyholder if an insurer failed "to accept reasonable settlement offers within policy limits", but limiting the extension to cases where the insured is facing a likely excess judgment.) . *Id.* (*citing Isadore Rosen & Sons, Inc. v. Security Mut. Ins. Co.,* 31 N.Y.2d 342, 291 N.E. 2d 380, 382, 339 N.Y.S.2d 97 (N.Y.1972).

State Farm is currently providing a defense and there has not been a trial, final disposition, or entry of an adverse judgment. In turn, Defendants do not assert the likelihood of excess judgment and, to the contrary, contend that they are likely to prevail in the underlying action.

### Failure to Pay Independent Counsel

Under the terms of the policy, State Farm reserves the exclusive right to both control the defense of lawsuits seeking covered damages against Defendants, and to hire counsel of its choice.[50] Pursuant to this provision, Plaintiff hired defense counsel to protect Defendants' interests in the state action, while seeking judicial guidance on its coverage obligations through declaratory judgment.

Defendants contend a conflict of interest has arisen between themselves and State Farm appointed counsel, requiring State Farm to pay for independent counsel selected by the Defendants.[51] State Farm counters, arguing no conflict exists because under a "dual-client" paradigm "the attorney's allegiance is [always] to the insured because of an insurer's duty to provide a defense in good faith."[52] The parties agree that Utah courts have not directly addressed the conflict of interest issue, but decline the court's invitation for certification.

---

[50] Dkt. 20 at 2 (*citing* Dkt. 2-1, ¶1) ("We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking [covered] damages.").

[51] *State Farm v. Mut. Auto. Ins. Co. v. Hansen,* 357 P.3d 338, 341-42 (2015) ("When a conflict of interest exists between an insurer and its insured, [the] law requires the insurer to satisfy its contractual duty to provide representation by permitting the insured to select independent counsel and by paying the reasonable costs of such counsel.").

[52] *Spratley v. State Farm Auto Mut. Ins. Co.,* 78 P.3d 603, 607 (Utah 2003).

It is not immediately clear to what "stall[ing] and hamper[ing]" Defendants refer to as support for their claim of conflict.[53] State Farm paid for counsel to defend Defendants in the underlying lawsuit. In the state action, case depositions are noticed and discovery has been served. Defendants somewhat elusively reference an Amended Scheduling Order, which they claim postponed the state action to their detriment.[54] Yet, it is unclear how, at this point, the entry of a scheduling order supports a conflict so substantial that State Farm's failure to appoint independent counsel, based thereon, gives rise to bad faith. Defendants do not direct the court to any similarly designated conflict and the claim does not raise any plausible entitlement to relief.[55] Moreover, the ultimate decision on amendment rests not with the parties, but in the capable hands of the state judiciary.

### Failure to Pay for Legal Counsel in the Declaratory Action

Finally, Defendants assert State Farm is required to pay for independent counsel to represent the Defendants in this declaratory judgment action.[56]

In general, "[a]n award of attorney fees is not warranted 'where the plaintiff merely stated its position and initiated [an] action for determination of what appears to be a justiciable controversy.'"[57] Here, State Farm has availed itself of the right to seek a judicial determination on the scope of its duties while providing a defense for the insured in the underlying liability

---

[53] Dkt. No. 12, ¶10.

[54] Dkt. No. 37 at 3. *See also,* Dkt. No. 55 at 7 ("The amended scheduling order was stipulated to by counsel for Stucki & Rencher, as permitted by the Utah Standards of Civility and Professionalism Rule 14.").

[55] *Ashcroft v. Iqbal,* 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

[56] *See generally, Doctors' Co. v. Drezga*, 218 P.3d 598, 608 (Utah 2009).

[57] *Farmers Ins. Exch. v. Call,* 712 P.2d 231, 237-38 (Utah 1985) (*citing Western Casualty & Surety Co. v. Marchant,* 615 P.2d 324, 427) (1980)).

action.[58] In the declaratory action, both Defendants and Stucki are present and represented.[59] While the court is sympathetic to Defendants' financial position, under the circumstances, there is no requirement that Plaintiff provide representation and a claim for bad faith cannot stem from State Farm's failure to do so. [60]

Accordingly, for the reasons set forth, the court finds Defendants' bad faith claim unripe or legally unsupported. Therefore, Plaintiff's motion to dismiss Defendants' first counterclaim and Plaintiff's motion strike Defendants' fourth and sixth affirmative defenses are granted, without prejudice.[61]

---

[58] *Summerhaze Co. v. Fed. Deposit Ins. Corp.*, 2014 UT 28 ¶36, 332 P.3d 908, 920 (Utah 2014) (internal citations and quotations omitted).

[59] *Cmpr. Drezga*, 218 P.3d at 608 (Utah 2009) (cornerstone of court's decision to appoint counsel in declaratory judgment action was to avoid default because the insured was "absent and unaware of the litigation" and such a conclusion would "adversely affect the interests of an innocent third party.").

[60] *See Farmers Insurance Exchange v. Call,* 712 P.2d 231, 237-38 (Utah 1985) (*citing American States Insurance Co. v. Walker,* 486 P.2d 1042, 1044 (1971) ("before an award of attorney's fees [can] be made in the declaratory judgment action [to a prevailing insured], it must appear that the insurance company acted in bad faith or fraudulently or was stubbornly litigious.").

[61] Dkt. No. 20, Dkt. No. 21.

# **ORDER**

As discussed on the record and set forth herein, the court ORDERS as follows:

1. State Farm's motion to dismiss Stucki & Rencher's counterclaim is GRANTED.[62]

2. State Farm's motion to dismiss Defendants' counterclaim for bad faith is GRANTED without prejudice.[63]

3. State Farm's motion to strike Defendants' fourth and sixth affirmative defenses from their answer is GRANTED without prejudice.[64]

4. Defendants' motion to dismiss State Farm's indemnity claim is GRANTED without PREJUDICE.[65]

5. Stucki & Rencher's amended motion to dismiss plaintiff's complaint is DENIED.[66]

6. Defendants' cross motion for appointment of independent counsel is DENIED.[67]

7. State Farm's motion to stay discovery pending resolution of dispositive motions is MOOT.[68]

---

[62] Dkt No. 17.

[63] Dkt. No. 20.

[64] Dkt. No. 21.

[65] Dkt. No. 29.

[66] Dkt. No. 33.

[67] Dkt. No. 38.

[68] Dkt. No. 44.

**IT IS SO ORDERED.**

DATED: the 8th day of June, 2018.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge